P/F

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 8 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DR. GERALD FINKEL, *as Chairman of the Joint Industry Board of the Electrical Industry*,

                 Plaintiff,

    -against-

ACT SECURITIES & ELECTRIC, INC.,

                 Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-2813 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff moves the court to set aside the Clerk's Entry of Default in the above captioned matter, pursuant to Federal Rule of Civil Procedure 55(c). As set forth below, Plaintiff's motion is denied.

I. **BACKGROUND**

On June 10, 2011, Plaintiff Dr. Gerald Finkel, in his capacity as Chairman of the Joint Industry Board of the Electrical Industry, brought this action pursuant to Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Compl. (Docket Entry # 1).) Plaintiff seeks to collect outstanding ERISA contributions and various other sums in accordance with the terms of a collective bargaining agreement to which Defendant was a signatory.

1

Defendant has failed to file an answer or otherwise move with respect to the Complaint. On August 5, 2011, Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a). (Docket Entry # 3.) On Plaintiff's motion, the Clerk of Court entered default against Defendant. (Docket Entry # 4.)

Plaintiffs have not moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Rather, on December 2, 2011, three months after the Clerk's entry of default, Plaintiff filed a letter motion, requesting that the court set aside the default, pursuant to Federal Rule of Civil Procedure 55(c). (Pl. Mot. to Set Aside Default (Docket Entry # 5).) Plaintiff's letter states, in relevant part, "There is good cause to set aside the clerk's default because the plaintiff intends to file an amended complaint. The amended complaint will add additional delinquent contributions owed by the Defendant and other relief to employee benefit plans and other programs administered by plaintiff." (Id. at 1.)

## II. DISCUSSION

Rule 55(c) provides that a court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). In assessing whether there is "good cause" under this rule, the court must consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). A court may also consider other "relevant equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Id. In making its determination, the court must weigh and balance each of the

2

relevant factors. See id. at 97; Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993).

As an initial matter, the court notes that the posture of Plaintiff's motion differs significantly than the typical Rule 55(c) motion, brought by *a defendant against whom* default has been entered. In the instant case, Plaintiff seeks to set aside a default that was entered in his favor and for which he moved in the first instance. Furthermore, Plaintiff makes this request after three months' delay.

Plaintiff has cited no case in which a court has set aside entry of default in like circumstances, and the court is aware of none. Even assuming that the three-factor test can be applied when a winning plaintiff moves under Rule 55(c), Plaintiff has failed to show "good cause." The court has no information about whether the default was willful, Plaintiff has not presented a meritorious argument, and setting aside default so that Plaintiff may add additional claims would almost certainly prejudice Defendant.

Equitable factors also weigh against granting Plaintiff's motion. Although default is generally disfavored, this is the case because "there is a preference for resolving disputes on the merits." Enron, 10 F.3d at 96 (also noting that "doubts should generally be resolved in favor of the defaulting party"). Here, setting aside the entry of default would not advance that objective. Were the court to set aside the entry of default and allow Plaintiff to amend the complaint to add additional claims, there is no indication that Defendant would answer the amended complaint. Rather, the court would be left with an even larger set of claims that could not be resolved on the merits. Moreover, to allow a plaintiff to add additional claims *after* a defendant has defaulted would be fundamentally unfair: The plaintiff, knowing he is

unlikely to face opposition, could pile on claims that he might not choose to bring were they subject to challenge.

Although Plaintiff's letter does not make the content of his proposed amendments to the Complaint clear, it appears that some of the additional relief requested may be available already. To the extent that Defendant has continued to be delinquent in its contributions during the pendency of this action, the current complaint may allow for recovery. Plaintiff is directed to file any motion for default judgment within 30 days of this Order so that judgment may be entered and damages assessed. To the extent that Plaintiff seeks to add additional claims for "other relief" relating to "other programs," he must do so in a separate action. Plaintiff's Rule 55(c) motion is denied.[1]

---

[1] To the extent that Plaintiff's letter can be read as a motion to amend the complaint, this motion is also denied. Under Rule 15(a), a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Oliver Schs., Inc. v. Foley, 930 F.2d 248, 252 (2d Cir. 1991) (leave to amend a claim "should be freely granted" (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Notwithstanding this liberal standard, a court may deny leave to amend where there has been undue delay or bad faith on the moving party's part, prejudice to the non-movant, or where leave would be futile. Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (citing Foman, 371 U.S. at 182). Here, Plaintiff's delay in changing his position is unjustified, and the prejudice to Defendant is significant.

## III. CONCLUSION

Plaintiff's motion to set aside the Clerk's Entry of Default is DENIED. Plaintiff is directed to file his motion for default judgment, pursuant to Federal Rule of Civil Procedure 55(b)(2), within 30 days of this order.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       December 6, 2011

NICHOLAS G. GARAUFIS
United States District Judge

5