UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                          Plaintiff,

      -against-

ACT SECURITIES & ELECTRIC, INC.,

                          Defendant.
-----------------------------------------------------------------X

**ORDER**

**11-CV-2813 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Dr. Gerald Finkel, in his fiduciary capacity as Chairman of the Joint Industry Board of the Electrical Industry, brought this action against Defendant Act Securities and Electric, Inc. (Compl. (Docket Entry # 1).) Plaintiff alleges that Defendant failed to make certain required contributions to various employee benefit plans, in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq., and in breach of two collective bargaining agreements, pursuant to the Labor Management Relations Act, 29 U.S.C. § 185. (Id.) Defendant failed to file an answer or otherwise respond to Plaintiff's suit, despite being served with process. (See Docket Entry # 2.) The Clerk of Court noticed default. (Docket Entry # 4.) Plaintiff moved for default judgment. (Docket Entry # 7.) This court referred Plaintiff's motion for default judgment to Magistrate Judge Victor V. Pohorelsky for a report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Jan. 6, 2012, Order.)

      On September 14, 2012, Judge Pohorelsky issued his R&R recommending that Plaintiff's motion for default judgment be granted and recommending an award of damages for certain

1

unpaid contributions, interest on late-paid contributions, liquidated damages, and attorney's fees and costs. (R&R (Docket Entry # 13).) Judge Pohorelsky also recommended that Plaintiff not be awarded damages for unpaid contributions that Plaintiff did not adequately substantiate, as well as interest and liquidated damages related to those unpaid contributions, but that Plaintiff be given an additional thirty days to submit further support for an award of those damages. (Id. at 8-9 & n.1, 10 n.2, 11 n.3, 13.)

Defendant has not objected to the R&R, and the time to do so has passed. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). On September 28, 2012, Plaintiff filed what he styled as a "Limited Objection" to the portion of the R&R recommending that he be denied damages for unpaid contributions that Judge Pohorelsky found were not adequately substantiated (along with corresponding interest and liquidated damages). (Pl. Obj. (Docket Entry # 15).) Plaintiff stated his intention "to make [ ] further submissions" related to those unsubstantiated damages and that he was filing "this limited objection now within the fourteen day time limit set forth in 28 U.S.C. § 636(b)(1) to preserve [his] ability to make arguments about the [R&R]'s legal conclusions concerning the unpaid contributions at the time [he] makes [his] further submissions, as permitted by the [R&R]." (Id. at 2.) Plaintiff further "submit[ted] that it d[id] not make sense to proceed piecemeal and present now [Plaintiff]'s legal arguments against the [R&R]'s recommended denial of the unpaid contributions prior to making the further submissions." (Id.) He asked that the court permit him "to make [his] legal objections to the [R&R]'s recommended denial of the unpaid contributions to the Magistrate Judge at the time [he] makes [his] supplemental submissions." (Id. at 2-3.)

The court rejects this request. Plaintiff's submission is cryptic, but he appears to be suggesting that in his forthcoming submission to the court, he will both (1) provide further

2

support for an award of the damages that Judge Pohorelsky found unsubstantiated, as Judge Pohorelsky recommended; and (2) challenge Judge Pohorelsky's legal conclusion that those damages should not be awarded in the absence of substantiation. But the deadline for objecting to Judge Pohorelsky's legal conclusions was fourteen days after service of the R&R. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If Plaintiff wished to make a legal argument in support of his claim for damages that did *not* depend on any supplemental submission of evidence (as he suggests), there is no reason why he could not have made that argument within the fourteen-day objection period. And to the extent Plaintiff believed "that it d[id] not make sense to proceed piecemeal" (Pl. Obj. at 2), he was welcome to either (1) submit both his supplementary evidence and his objections to Judge Pohorelsky's legal conclusions within the fourteen-day period or (2) request an extension of the deadline for objecting to the R&R and, if the court granted the extension, submit his evidence and his objections at the same time. By failing to make specific objections to the substance of the R&R within the fourteen-day deadline set by the U.S. Code and the Federal Rules of Civil Procedure, Plaintiff has waived his right to de novo review of the R&R, and the court will review it for clear error. See U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); cf. 28 U.S.C. § 636(b)(1).

Although the R&R initially finds that Defendant owes $491.00 in substantiated unpaid contributions (see R&R at 8), it later states that substantiated unpaid contributions total $419.51 (id. at 11, 13). The correct figure is $491.00. (See Sessa Decl. (Docket Entry # 8) ¶ 32; Herman Decl. (Docket Entry # 9) ¶ 12.) Correction of the amount of substantiated unpaid contributions also affects the R&R's calculation of liquidated damages. (See R&R at 11.) Plaintiff is entitled

3

to $5,131.75 in liquidated damages, equal to twenty percent of the sum of late-paid contributions ($25,167.75) and substantiated unpaid contributions ($491.00).

The R&R is accordingly MODIFIED to reflect an award of $491.00 in damages for unpaid contributions and $5,131.75 in liquidated damages. The court has reviewed the remainder of Judge Pohorelsky's R&R for clear error and finds none. Accordingly, the R&R is ADOPTED with the exception of the modification set forth above. See Porter v. Potter, 219 F. App'x 112, 112-13 (2d Cir. 2007). Plaintiff's motion for default judgment is GRANTED. Plaintiff is AWARDED the following damages: (1) $491.00 for unpaid contributions; (2) $231.02 in interest on late-paid contributions; (3) $5,131.75 in liquidated damages for unpaid and late-paid contributions; (4) $3,659.50 in attorney's fees; and (5) $433.20 in costs. No damages shall be awarded for unpaid contributions that have not been adequately substantiated, or for interest and liquidated damages related to those unpaid contributions, but Plaintiff shall be granted thirty days to submit further support for an award of those damages. If Plaintiff makes such a submission, this matter shall be REFERRED to Judge Pohorelsky, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), to determine any additional damages to which Plaintiff is entitled, if any. If Plaintiff fails to respond within thirty days, the Clerk of Court shall be directed to enter judgment and to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October 5, 2012

NICHOLAS G. GARAUFIS
United States District Judge